(C. D. 1177)

GECK TRADING CORPORATION *v.* UNITED STATES

United States Customs Court, Third Division.

(Decided June 16, 1949)

*Strauss & Hedges* (*James F. Donnelly* of counsel) for the plaintiff.
*David N. Edelstein,* Assistant Attorney General (*Harold L. Grossman,* special attorney), for the defendant.

Before CLINE, EKWALL, and JOHNSON, Judges

CLINE, Judge: This is a protest, arising at the port of New York, against the collector's assessment of duty on sweetened chocolate in

bars imported from the Dominican Republic. Duty was assessed on a small portion thereof at 2 cents per pound under paragraph 777 (b) of the Tariff Act of 1930, as modified by the trade agreement with the Netherlands, T. D. 48075, as sweetened chocolate in bars or blocks weighing 10 pounds or more each. The balance was assessed at 20 per centum ad valorem under the same paragraph, as sweetened chocolate, in any other form, whether or not prepared, valued at 10 cents or more a pound. It is claimed in the protest that the entire shipment is dutiable at 2 cents per pound under said paragraph on the ground that all of the bars weighed 10 pounds or more each.

The pertinent provisions of the tariff act are as follows:

PAR. 777 (b) [as modified by the trade agreement with the Netherlands, T. D. 48075]. Cocoa and chocolate, sweetened:

In bars or blocks weighing ten pounds or more each_____ 2¢ per lb.
In any other form, whether or not prepared, valued at 10 cents or more
per pound_____ 20% ad val.

SEC. 508. COMMINGLING OF GOODS.

Whenever dutiable merchandise and merchandise which is free of duty or merchandise subject to different rates of duty are so packed together or mingled that the quantity or value of each class of such merchandise can not be readily ascertained by the customs officers, the whole of such merchandise shall be subject to the highest rate of duty applicable to any part thereof, unless the importer or consignee shall segregate such merchandise at his own risk and expense under customs supervision within ten days after entry thereof, in order that the quantity and value of each part or class thereof may be ascertained.

The collector's memorandum in connection with the protest describes the procedure used in determining the weight of the merchandise as follows: The three lots in issue herein were weighed by the surveyor and from his weight return the net weight for each lot was determined to be the following:

AM 596/1895 (1,300 cases_____13,000 bars)_____129,707 pounds
GTCo 13     ( 350 cases_____ 3,500 bars)_____ 34,606    ″
GTCo 16     ( 350 cases_____ 3,500 bars)_____ 34,664    ″

From this the collector concluded that each of the bars weighed under 10 pounds net. Nevertheless, a portion amounting to 264 pounds was assessed with duty at 2 cents per pound under paragraph 777 (b), as modified, since the bars making that portion were held to weigh 10 pounds or more net. This portion was found when two cases out of each lot were sent to the public stores for examination and each bar was weighed individually.

At the trial there were received into evidence as plaintiff's collective exhibit 1, photostatic copies of pages of the dock book compiled by the Government weigher at or about the time he weighed the merchandise. It appears from these pages that the contents in 15 cases out of the lot of 1,300 were weighed; that the total weight of the chocolate bars and the paper wrappers was 1,506 pounds; that the

wrappers of 20 bars were tared at 1 ounce each; that the contents of 6 cases out of one lot of 350 were weighed; that the total weight of the bars and wrappers was 597 pounds; that the wrappers were tared at 1 ounce each; that the contents of 6 cases out of the remaining lot of 350 were weighed; that the total weight of the bars and wrappers was 598 pounds; that the wrappers were tared at 1 ounce each. Taking these figures, the surveyor found the total net weight of all the bars in the shipment as set forth above.

The official papers include weight certificates of the Inter-American Weighing Co., giving the following gross weights of the cases and contents:

| | | |
|---|---|---|
| 1,300 cases | 151,426 | pounds |
| 350 cases | 41,010 | " |
| 350 cases | 40,898 | " |

The Government called Max Feinberg, who testified that he was a customs examining clerk whose duty it was to open cases and weigh or count merchandise; that he opened and weighed two packages from entry No. 722208 bearing numbers AM 611 and AM 1676; that he weighed the bars individually; that he unwrapped the bars and took the tare of each wrapper; that the entire process of opening the case, weighing the bars, unwrapping them, weighing the wrappers, computing the tare, and rewrapping and replacing the bars took about 25 minutes. His findings, as entered on customs Form 5555, "Report of Verification of Examination Package," were received in evidence as defendant's exhibits 2 and 3.

Joseph Francis McKee, a customs verifier, testified that it was his duty to open cases, take out the contents, verify them, weigh them if necessary, and repack them; that he opened and weighed the contents of two cases bearing the marks GTCo 16 and two cases bearing the marks GTCo 13. His findings as entered on customs Form 5555 were received in evidence as defendant's exhibits 4 and 5.

After deducting the tare of 1 ounce for each wrapper, it appears from these reports that some of the bars weighed 10 pounds net or more and some did not, as follows:

| | Number weighing 10 pounds or more | Number weighing less than 10 pounds |
|---|---|---|
| Exhibit 2 | 6 | 4 |
| Exhibit 3 | 5 | 5 |
| Exhibit 4 | 2 | 8 |
| | 5 | 5 |
| Exhibit 5 | 5 | 5 |
| | 3 | 7 |

Plaintiff claims that the entire shipment is properly dutiable at the rate of 2 cents per pound, except those bars found by the appraiser to weigh less than 10 pounds each, on the ground that the Government weigher determined the average weight of only 270 bars out of a total

of 20,000, and that this was an inadequate method of determining the weight of the entire shipment. The Government contends that the plaintiff has failed to prove its claim that all the bars weighed 10 pounds or more each and that since it did not segregate those weighing less than 10 pounds from the others, in accordance with section 508 of the Tariff Act of 1930, the highest rate of duty is applicable to all the merchandise.

In ascertaining the weight of this merchandise, the customs officials weighed the contents of a number of the cases and found the average weight of the bars in those cases, less tare. Since the average weight was less than 10 pounds per bar, duty was assessed on the entire shipment, except the bars separately weighed, as if all the bars weighed less than 10 pounds each.

However, when the bars in six cases were weighed separately, it was found that some weighed 10 pounds or more net and some weighed less. The weights of the bars were not uniform nor did the cases contain the same number of bars weighing 10 pounds or more net. Thus, although the average weight of the bars was less than 10 pounds each, the shipment contained some weighing more. However, there is nothing in the record which tends to show how many of them weighed 10 pounds or more. Since the cases which were weighed were not uniformly packed, it cannot be held that any certain percentage of the entire shipment consisted of bars weighing 10 pounds or more.

Plaintiff's claim that the entire shipment consisted of bars weighing 10 pounds or more is based upon the gross weights of the cases and contents as found by the city weigher. Plaintiff has calculated the net weight of the bars by deducting a tare of 15 pounds per case and a tare of 1 ounce for each wrapper, leaving a net of 131,107.5 pounds for the 1,300 cases and a net of 70,970.5 pounds for the 700 cases. However, there is nothing in the record to show that the empty cases weighed 15 pounds each nor does an average weight of over 10 pounds per bar indicate what percentage of the bars weighed 10 pounds or more and what percentage weighed less.

As far as we can determine from this record, the merchandise consisted of some bars weighing 10 pounds or more and some weighing less, indiscriminately packed together. Section 508 of the Tariff Act of 1930 provides that where merchandise subject to different rates of duty is so mingled that the quantity of each class cannot be readily ascertained by customs officials, the whole of such merchandise shall be subject to the highest rate of duty applicable, unless the importer segregates the merchandise within 10 days after entry. If the two commodities are readily segregable, it is the duty of customs officials to separate them; otherwise the burden is upon the importer. *United States* v. *Washburn-Crosby Co.*, 14 Ct. Cust. Appls. 243, T. D. 41874; *United States* v. *E. E. Holler*, 28 C. C. P. A. 124, C. A. D. 133.

The general rule is that "importations enormous in bulk and number containing partly free and partly dutiable goods indiscriminately mingled together 'and requiring an army of officials to separate them,' are subject in their entirety to the highest rate of duty applicable to any part thereof." *Perry, Ryer & Company* v. *United States,* 35 C. C. P. A. 28, 32, C. A. D. 367. In *S. Schapiro & Sons* v. *United States,* 29 C. C. P. A. 235, C. A. D. 196, the merchandise consisted of approximately 25,000 pounds of rags, packed in 50 bales, each bale containing 10 bundles weighing 50 pounds each. It was ascertained by the importer that 4,972 pounds were rags of the kind chiefly used for paper making. These rags were intermingled in the bundles with 20,028 pounds of rags which were not paper stock, and, in order to determine accurately the quantities, it was necessary to open 500 bundles, sort the rags, separate the classes by hand and weigh them. It was held that customs officials were not required to do this and that segregation should have been made by the importer.

In *Perry, Ryer & Company* v. *United States, supra,* it was held that merchandise, consisting of skins of the common goat and skins of the common goat cross-bred with the Angora, packed in the same bale, was readily segregable. However, it appeared that the bales examined were uniformly packed, with only slight variations, so it would not have been necessary for customs officials to open all of the bales and separate the contents.

It can be stated as a general principle that where the percentages of the commingled articles can be ascertained by simple tests of a sample, the goods are considered readily segregable, but where elaborate or lengthy processes are required, they are not. *United States* v. *Washburn-Crosby Co., supra; United States* v. *M. J. Brandenstein & Co.,* 17 C. C. P. A. 480, T. D. 43941; *Globe Cotton Oil Mills* v. *United States,* 57 Treas. Dec. 115, T. D. 43803; *Globe Cotton Oil Mills* v. *United States,* 66 Treas. Dec. 344, T. D. 47305; *United States* v. *M. S. Cowen & Co.,* 32 C. C. P. A. 40, C. A. D. 283.

In the instant case it would have been necessary for customs officials to weigh each bar in order to separate the two commodities. The witnesses testified that it took 25 minutes to weigh the bars in each case; there were 2,000 cases in the shipment; therefore, it would have taken 833⅓ hours to weigh all of the bars in the shipment. Under such circumstances, we do not believe that the quantity of each class of merchandise is readily ascertainable within the meaning of section 508 of the Tariff Act of 1930. Since the importer did not segregate the two commodities, the highest rate of duty applicable to any part thereof is properly assessable against the entire shipment.

On the record herein, the protest is overruled. Judgment will be rendered in favor of the defendant.